## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 586 | **DATE** | 1/29/2013 |
| **CASE TITLE** | Ahmed Al-Khalifa vs. Court of Appeals for the 7th Circuit | | |

**DOCKET ENTRY TEXT**

On January 24, 2013, pro se Plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa, also known as Mark Ayilla, filed the present Complaint against the United States Court of Appeals for the Seventh Circuit alleging violations of his constitutional rights. *See* 42 U.S.C. § 1983. Because Plaintiff brings a claim against a Defendant that is absolutely immune from lawsuits in federal court, the Court denies Plaintiff's application to proceed in forma pauperis and motion for appointment of counsel and dismisses this lawsuit in its entirety. *See* 28 U.S.C. § 1915(e)(2).

■[ For further details see text below.]                                                    Docketing to mail notices.

## STATEMENT

On January 24, 2013, pro se Plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa, also known as Mark Ayilla, filed the present Complaint against the United States Court of Appeals for the Seventh Circuit alleging violations of his constitutional rights. *See* 42 U.S.C. § 1983. Plaintiff seeks to proceed in forma pauperis in lieu of paying the $350 filing fee and also moves for appointment of counsel. *See* 28 U.S.C. § 1915(a)(1). Because Plaintiff brings a claim against a Defendant that is absolutely immune from lawsuits in federal court, the Court denies Plaintiff's application to proceed in forma pauperis and motion for appointment of counsel and dismisses this lawsuit in its entirety. *See* 28 U.S.C. § 1915(e)(2).

### LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiff's financial status and review his claims to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking money damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 829 (7th Cir. 2009).

### ANALYSIS

Construing pro se Plaintiff's allegations liberally, *see Gomez v. Randle,* 680 F.3d 859, 864-65 (7th Cir. 2012), he brings this lawsuit against the Seventh Circuit based on his appeal in case number 02-1068, along with his deportation. In particular, Plaintiff, who is a Nigerian citizen, maintains that he was denied his due process rights because he was deported despite the fact that the Seventh Circuit did not conclusively decide his direct criminal appeal. To clarify, Plaintiff's lawyer on appeal filed a motion to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because counsel could not discern a non-frivolous argument to pursue on appeal. The Seventh Circuit agreed. *See United States v. Ayilla,* 50

## STATEMENT

Fed.Appx. 309, 311, 2002 WL 31430302 (7th Cir. Oct. 25, 2002).  Thus, despite Plaintiff's argument to the contrary, the Seventh Circuit did conclusively decide his criminal appeal by dismissing it under well-established Supreme Court law.

Moreover, Plaintiff is bringing a lawsuit against a Defendant that is immune from lawsuits in federal court, namely, the federal court itself.  *See Killinger v. Johnson,* 389 F.3d 765, 770 (7th Cir. 2004) ("Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions."); *see also Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Polizin v. Gage,* 636 F.3d 834, 838 (7th Cir. 2011).  The Court therefore dismisses this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(iii).